UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:07CR099 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| LYNA BROOKS, ) | |
| ) | |
| Defendant. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Defendant Lyna Brooks was indicted for possession with the intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Brooks moves to suppress the crack cocaine found in his home during the execution of a search warrant, alleging that the underlying search warrant affidavit lacked sufficient probable cause to support the issuance of the search warrant. For the reasons set forth below, the court grants Brooks' motion to suppress.

**I.  Background**

On October 10, 2006, two law enforcement officers, Lieutenant Dale Rhoades and Patrolman Kilgore, went to Brooks' residence to serve an indictment and arrest warrant on him for alleged Aggravated Drug Trafficking in Crack Cocaine. While in the residence, the officers noticed an odor of burnt marijuana.[1] After Brooks was placed under arrest inside the residence, Lt. Rhoades escorted Brooks into a bedroom to get his shoes. Brooks contends that he informed the officers that the bedroom was his mother's, while Lt. Rhoades testified that Brooks stated that the bedroom was his.[2] While in

---

[1] Affidavit of Lieutenant Dale Rhoades.

[2] Brooks' Motion to Suppress (Doc. 18,) at 3; Affidavit of Lieutenant Dale Rhodes

the bedroom Lt. Rhoades noticed marijuana seeds in an ashtray in plain view[3]. The officers also found one thousand dollars ($1,000) in Brook's rear hip pocket.[4] The officers then requested permission from Brooks to search the home; Brooks denied their request.

Later that same day, Lt. Rhoades submitted a search warrant application and affidavit to a local municipal court judge. In addition to the facts above, the affidavit included the following:

> 2. On December 21, 2001, XXXXXXX contacted members of the METRICH Enforcement Unit and stated that Lyna Brooks, D.O.B. 05/30/76, S.S.N. 273-80-991 of 135 Vale Avenue, Mansfield, Richland County, Ohio, was trafficking in drugs. RM47928.
> 3. On March 25, 2002, XXXXXXX contacted the METRICH Enforcement Unit and stated that Lyna Brooks of 135 Vale Avenue, Mansfield, Richland County, Ohio was trafficking in cocaine and crack cocaine. RM 48249 [during a hearing on the motion to suppress, the date was corrected to "March 25, 2001"; see transcript, page 61]
> 4. On March 30, 2001, XXXXXXX contacted the METRICH Enforcement Unit and stated that Lyna Brooks was trafficking in crack cocaine. RM46130
> 5. On July 8, 2005, XXXXXXX contacted the METRICH Enforcement Unit andstated that Lyna Brooks of 135 Vale Avenue, Mansfield, Richland County, Ohio is trafficking in crack cocaine. RM 73153
> 6. On February 8, 2005, XXXXXXX contacted the METRICH Enforcement Unit and stated that drugs were being sold from the residence located at 135 Vale Avenue, Mansfield, Richland County, Ohio RM72005.
> 7. On February 20, 2006, XXXXXX made a controlled drug buy of crack cocaine for the METRICH Enforcement Unit from Lyna Brooks. The evidence was submitted to the Mansfield Police Department Crime Laboratory and tested positive for cocaine base. MPD 5284-06.
> 8. On February 21, 2006, XXXXXXXX made a controlled drug buy of crack cocaine for the METRICH Enforcement Unit from Lyna Brooks. The evidence was submitted to the Mansfield Police Department Crime Laboratory and tested positive for cocaine base. MPD 5401-06.
> 9. On October 10, 2006, the affiant, made contact with Lyna Brooks at his residence located at 135 Vale Avenue, Mansfield, Richland County, Ohio in reference to an Indictment for Aggravated Trafficking in Crack Cocaine. Brooks was placed under arrest. The odor of marihuana (sic) was strong in the residence. When the affiant took Brooks into his bedroom to get shoes there were marihuana (sic) seeds located in the ashtray in plain view. Brooks stated

---

[3] *Id.*

[4] Affidavit of Lieutenant Dale Rhoades, at paragraph 9.

> this bedroom belonged to him and was on the first floor, south side of the house. In Brooks rear hip pocket was $1,000 in United States currency. Brooks refused a consent to search.
>
> [paragraphs 10 and 11 are omitted here]
>
> 9. (sic) [should be paragraph number 12] In the past C.I. 00-28 has provided valuable information to the METRICH Enforcement Unit which has been independently corroborated and proven reliable. C.I. 00-28 has also made controlled purchases for the METRICH Enforcement Unit which has resulted in the arrest and conviction of individuals on a variety of violations of the Ohio Revised Code.

Based on the affidavit, a search warrant was issued for Brooks' home, where police found the crack cocaine at issue here, in the closet of a different bedroom.

## II. Discussion

When determining whether sufficient probable cause exists to issue a search warrant, a magistrate must "make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before [the court] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for...conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

"The court must . . . insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for police." As such, "deference to the issuing magistrate . . . is not boundless," *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004). Nor can this deference be "tantamount to an abdication of the reviewing Court's responsibility." *United States v. Elliot*, 576 F.Supp. 1579, 1582 (S.D. Ohio 1984).

"Search warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir.2004). "Review of the

sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir.2006) (citations omitted).

Here, under the totality-of-the-circumstances analysis of *Gates*, the question before this Court is whether Lt. Rhoades' affidavit provided a substantial basis for the magistrate's conclusion that there was a fair probability that illegal drugs would be found in Brooks' residence. The facts presented in the affidavit submitted in support of the search warrant, however, make this determination difficult.

First, paragraphs two through eight of the affidavit provide information far too attenuated in time to contribute to a finding of probable cause to search Brooks' residence when Lt. Rhoades made his request. At best, those paragraphs indicate that between five years and eight months prior to the request for the search warrant, a confidential informant alleged that Brooks was trafficking in crack cocaine. However, with the exception of paragraph six, the affidavit gives no indication that a nexus existed between the crime and the place to be searched; moreover, paragraph six does not link Brooks to the sale of drugs. The government concedes that "the older information, taken by itself, does not adequately create probable cause" but does show on-going criminal activity (Doc 19). Though the second paragraph "nine" of the affidavit attempts to provide the magistrate with the reliability of the confidential informant who provided information in paragraphs seven and eight, the alleged crimes are too attenuated in time and place to contribute to a finding of probable cause.[6]

There is also no indication of the veracity or reliability of four of the five confidential informants listed in the affidavit. Lt. Rhoades testified that information in paragraph two is from one informant, the information in paragraphs three and four are from a second informant, the information in paragraph five from a third informant, and the information in paragraph six from fourth informant (Transcript

---

[6] Further, this second paragraph nine, which properly labeled would be paragraph twelve suggests the affidavit was hastily "cut-and-pasted" together.

pages 57-64). No where does the affidavit make any attempt to provide the magistrate with indicia of reliability for those four informants. Police may show that an informant is reliable by alleging the informant to have been a reliable informant in the past. *United States v Greene*, 250 F.3d 471,480 (6th Cir. 2001). While it may be adequate to show reliability that an affiant has attested "in some detail" to the veracity of the informant, testimony demonstrates reliability only when the informant is named to the magistrate. *United States v. McCraven*, 401 F.3d 693,697 (6th Cir. 2005). There is no evidence that the magistrate was advised of the identity of C.I 00-28 in paragraph 9. (sic).

Finally, only paragraph nine provides a timely nexus between a potential crime and the place to be searched, and is the only basis for concluding that there was a fair probability that illegal drugs would be found in Brooks' residence. Evidence will not support a finding of probable cause unless it clearly establishes a nexus between the items sought in a search warrant and the premises to be searched. *United States v. Gunter,* 266 Fed.Appx.415,418 (6th Cir. 2008), *petition for cert. Filed,* (U.S. 19, 2008) (No. 08-104). "The mere fact that someone is a drug dealer is not alone sufficient to establish probable cause to search their home." *Id.* (Citations omitted). The odor of marijuana and the presence of marijuana seeds are, at best, evidence of a minor misdemeanor, for which Brooks could not be arrested under Ohio law.[7] Further, this court does not find that "such evidence of a single instance of past use, even in the immediate past, renders the continued presence of contraband reasonably probable."[8] *Elliot*, 575 F. Supp. at 1582.

---

[7] O.R.C 2925.11 (possession of less than 100 grams of marijuana is a minor misdemeanor).

[8] "The waste prodcuts of marijuana use do not, of themselves, indicate any continueing presence of contraband in the home." *Elliot*, F.Supp. at 1581.

-5-

Viewing the affidavit and the facts before the issuing magistrate in their entirety, and not in line-by-line isolation, this Court cannot conclude that the magistrate had a sufficient basis for determining that probable cause existed.

The good faith exception under *United States v. Leon*, 468 U.S. 897 (1984) will not apply when, among other reasons, the search warrant affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or when the warrant application was supported by nothing more than a bare-bones affidavit. *United States v. Washington* 380 F.3d at 241. "Courts should not . . . suppress evidence obtained in objectivley resaonable reliance on a subsequently invalidated search warrant." *Leon*, 468 U.S. at 922. However, the good faith exception does not permit consideration of information known to a police officer, but not included in the affidavit, in determining whether an objectively reasonable officer would have relied on the warrant. *United States v. Laughton*, 409 F.3d 744 (6th Cir. 2005).

Here, because probable cause was not established and because Lt. Rhoades' affidavit did not include enough facts with respect to the nexus between the alleged criminal activity and the place to be searched, the affidavit is so lacking an "indica of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Washington* 380 F.3d at 241.

### III. Conclusion

For the foregoing reasons, the court grants Brooks' motion to suppress.

IT IS SO ORDERED.

                                       s/Ann Aldrich
                                       ANN ALDRICH
                                       UNITED STATES DISTRICT JUDGE

**Dated: August 26, 2008**